SAVOIE, Judge.
Herman Wallace, a prisoner at Angola, sought to be released from Closed Cell Restriction lockdown into the general prison population. The trial court denied his request and he appeals.
Chronologically this matter developed as follows: In 1972, Wallace was a member of the prison population at Angola. In April of 1972 he was placed in administrative lockdown pending investigation into the death of a prison guard. A day after he was placed in administrative lockdown he was taken to Closed Cell Restriction (CCR), from which he has never been released. Inmates in Closed Cell Restriction, while not in solitary confinement, do not enjoy the privileges of inmates in the general prison population.
In 1974 Wallace was convicted in the killing of the prison guard. Subsequently, Wallace began receiving review of his confinement in CCR every 90 days by prison security officials. Wallace received one such review on June 25, 1986. Therein, defendants denied Wallace’s request to be released into the general prison population. On July 24, 1986, Wallace filed a petition for review. The review hearing was commenced on November 17, 1986, but was continued until and concluded on February 4, 1987.
The hearing was conducted before Honorable Allen J. Bergeron Jr., Commissioner. On February 12, 1987 Commissioner Ber-geron filed written reasons for judgment. The Commissioner held that Wallace had no right of review and no constitutional right to a particular type of review and accordingly dismissed Wallace’s suit. On February 19, 1987, the District Court adopted the Commissioner’s findings as its own and rendered judgment accordingly.
While we agree with the result reached by the Commissioner and the District Court, we do not agree that Wallace had no right of review and no constitutional right to a particular type of review.
The question here is: Does a Louisiana prison inmate have a protected liberty interest in not being confined to extended lockdown? This identical question was decided by the Federal Fifth Circuit Court of Appeals in McCrae v. Hankins, 720 F.2d 863 (5th Cir.1983):
The Supreme Court recently concluded ... that the Due Process Clause of the Fourteenth Amendment does not itself create in an inmate a protected interest in being confined in the general prison population. Instead, the Clause standing alone requires only that an inmate be confined under conditions consistent with his sentence, and ‘administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration.’ A state may, however, create by statute or regulation an interest protected by the Due Process Clause even though the same interest is not among those protected by the Clause standing alone.
Regulations of Louisiana’s Department of Corrections, in effect at the time McCrae was disciplined, were sufficient to extend to Louisiana inmates a protected liberty interest in not being confined to extended lockdown....
Louisiana has required that its inmates be provided with certain process before they may be confined in extended lock-down. First, the Louisiana Administrative Procedure Act (LAPA), applies to prison disciplinary proceedings, and requires that the disciplinary board hold a hearing on reasonable notice at which all parties may present evidence and conduct cross-examination. The Louisiana Department of Corrections has by regulation expanded on LAPA’s general requirements by providing that ‘[n]o prisoner can be placed in extended lockdown for any reason unless he has been afforded a full hearing before the Disciplinary Board_’ The Department also requires that an ‘accused prisoner’ be given a copy of the disciplinary or incident report at least 24 hours in advance of the hearing, and that he be afforded the opportunity to present evidence and wit *1063 nesses and the right to cross-examine his accuser ‘provided it is relevant and not repetitious.’
Even this rather thorough process, without more, would be insufficient under Olim to create in Louisiana inmates a protected liberty interest in remaining ‘free’ of extended lockdown. But the Department regulations also contain substantive limitations on a disciplinary board’s power to place an inmate in extended lockdown:
No prisoner can be placed in extended lockdown for any reason unless he has been ... found guilty of violating one or more serious rules [listed elsewhere], or of being dangerous to himself or others, or of being a serious escape risk, or of being in need of protection, or of posing a clear threat to the security of the facility, or of being the subject of an investigation conducted by non-institutional authorities into a serious felony.
The discretion of a Louisiana disciplinary board to place an inmate in extended lockdown is therefore substantively limited by ‘particularized standards or criteria [that] guide the ... decisionmakers.’ We must conclude, then, that under these regulations, Louisiana inmates do have a substantive interest in being free of extended lockdown.
McCrae, 720 F.2d at pp. 866, 867 and 868. (Citations and footnotes omitted).
Like the court in McCrae, we conclude that Wallace does have a substantive interest in being free of extended lockdown.
Having so concluded we must now determine whether the June 25, 1986, hearing satisfied the minimum requirements of the Due Process Clause. Due process requires only that prison officials “engage in an ‘informal, nonadversary review’ of the evidence surrounding an inmate’s restrictive confinement, and that the inmate receive ‘some notice of the charges against him and an opportunity to present his views to the prison official_’” McCrae, 720 F.2d at 868.
McCrae further held that due process did not require the opportunity to present evidence, other than a prisoner’s own statement, or to call witnesses. McCrae, 720 F.2d at 868. Here, when Wallace protested the decision of the defendants to retain him in CCR, he was given a full hearing with the right to present evidence and to subpoena and cross-examine witnesses including the review panel. All this was done in a judicial type atmosphere before an independent hearing officer. Additionally, the findings of that hearing officer were subject to review by the District Court and this Court. Such proceedings were more than adequate to meet the due process requirements.
We now turn to the review panel’s decision to determine if its decision to maintain Wallace in CCR was supported by “some facts.” If so, we will affirm since the constitution requires due process, not error free decision making. See McCrae, 720 F.2d at 868. Prison officials testified that Wallace had committed the most serious offense that can be committed by a prisoner, i.e., the killing of a guard. For this reason the review panel has considered Wallace dangerous to others. Such evidence meets the minimum requirements set forth above.
For the above and foregoing reasons, judgment of the trial court is affirmed. Costs are assessed against Wallace in accordance with the Commissioner’s order of July 23, 1986.
AFFIRMED.